UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GREGORY WAYNE PARRISH,

    Plaintiff,

v.                       607CV071

FORD MOTOR CO.,

    Defendant.

-----------------------------------------------------------

JANE PARRISH,

    Plaintiff,

v.                       607CV072

FORD MOTOR CO.,

    Defendant.

## ORDER

## I. BACKGROUND

In *Gregory Wayne Parrish v. Ford Motor Co.*, 605CV116 (S.D.Ga. Complaint filed 10/25/05), a defective-airbag products liability action against Ford Motor Co., Parrish alleged that he had an accident in his 2003 Ford Ranger and its defective airbag failed to deploy, enhancing his injuries. Doc. # 1 at 2. Ford moved for summary judgment and Parrish responded by moving for F.R.Civ.P. 41(a)(2) voluntary dismissal without prejudice. Over Ford's objection, this Court granted Parrish's Rule 41(a)(2) motion, but added a condition:

> Because Ford is entitled to its attorney's fees and costs from this action, Gregory Wayne Parrish is enjoined from proceeding past the refiling-stage of the next action that he files on this subject matter -- unless and until the next court resolves the fee/cost petition that Ford may file in response to Parrish's next Complaint.

Doc. # 76.

In a new-case filing, *Gregory Wayne Parrish v. Ford Motor Co.*, 607CV071 (S.D.Ga. Complaint filed 10/24/07), Parrish renewed the same defective-airbag claim, *id.*, doc. # 1 ¶ 6, and moved the Court to, *inter alia,* allow him to serve Ford with his Complaint and thus resolve the issue of cost. Doc. # 5 ¶ 5.

The Court granted that motion and directed counsel to try to resolve the cost issue on their own. Doc. # 8. Further, the Court automatically stayed the case upon service of the Complaint upon Ford (thus, Ford did not then have to file an Answer) because the Court would equate proof of service upon Ford as a Ford Motion to Dismiss for failure to pay the 605CV116 costs -- unless in the meantime plaintiff paid them. *Id.* at 1-2. Finally, if the parties were unable to resolve the costs issue, Ford could (if by then served) immediately move the Court for an award of costs. *Id.* The Court would then resolve the issue and, if Parrish did not pay any resulting cost award within 20 days thereafter, dismiss his case with prejudice pursuant to F.R.Civ.P. 41(b) and S.D.GA.LOC.R. 41.1(b). *Id.*

The parties failed to resolve the costs issue. Instead, Parrish moves for 28 U.S.C. § 1915(a) leave to proceed *in forma pauperis* (IFP). Doc. # 9. On top of that, he claims, Ford has not provided the requisite specificity the law demands on its fees/costs claim. *Id.* ¶¶ 10-12. Plus, plaintiff "is unable to show what costs and attorney fees would be reasonable or what work would be useable in the present case until he is aware of the items claimed." *Id.* ¶ 13.[1]

---

[1] In its 605CV116, Rule 41(a)(2) dismissal order, the Court did *not* include, as a condition, that Ford must first

Claiming indigency (he claims he owes $146,986.79 and has assets of only $117,368.14 most of which are pledged on the debts," *id.* ¶ 15), Parrish insists

> that he has a meritorious claim against ... Ford and if not allowed to proceed [IFP] he will not be able to proceed and he would be, in effect, denied access to the courts because he is poor while the rich can proceed and he will be denied his right to justice because of his poverty.

*Id.* ¶ 16.

Meanwhile, wife Jane Parrish has filed her own, loss-of-consortium case against Ford, *Jane Parrish v. Ford. Co.*, 607CV072 (S.D.Ga. Complaint filed 10/24/07) -- essentially re-running husband Gregory's products liability case and seeking $5,000,000 in lost-consortium damages. 607CV072 doc. # 1. The Court stayed that case pending resolution of the fee/cost issue here. 607CV072 doc. # 11 at 2-3.

Ford opposes Gregory's IFP petition, 607CV071 doc. # 11, and moves to dismiss outright both (607CV071 and 607CV072) cases. Doc. # 12 ¶ 4. It deems the IFP petition an abuse of that privilege in that it constitutes a transparent and improper end-run around the Court's 605CV116, Rule 41(a)(2) Order. 607CV071, doc. # 12. Opposing, Gregory points out that in 605CV116 Ford had

> filed a claim for $83,367.65 and Plaintiff objected to said fees as being excessive and improper in that no hearing was held to determine what would be fair and just to assess under all circumstance including a consideration of what work would be

---

show what work its attorneys performed in the last case would "be useable in" any refiled case.

usable in any refiled [sic] case.

Doc. # 13 at 2 ¶ 5. Gregory correctly notes that this Court has not resolved his objections to the reasonableness of Ford's fees/costs claim, and has not given Ford "a blank check." *Id.* ¶ 6. Also true is his assertion that wife Jane's case is not subject to 605CV116's Rule 41(a)(2), conditional-dismissal-refiling Order. *Id.* ¶ 9 ("We point out that [Jane's case] would not be governed by any action on her husband's complaint because any disposition of her husband's claim would not be on the merits. Ford's prayers that her claim be dismissed are without merit").

Notably, Ford has not filed a Motion to Dismiss in Jane's case, but so moves within a filing in Gregory's case. 607CV071 doc. # 12 ¶ 4. For the purposes of this Order only, the Court is considering the two cases together; the Clerk shall enter this Order in both (607CV071 & 607CV072) case files.

## II. ANALYSIS

### A. Gregory Wayne Parrish

Gregory pursues an IFP privilege, not a right. *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (proceeding IFP in a civil case is a privilege, not a right, fundamental or otherwise), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), *cited in* 32 AM.JUR.2D *Federal Courts* § 399 (*Privilege versus right*) (Mar. 2008); *see also In re City of Chicago*, 500 F.3d 582, 582 (7th Cir. 2007) ("[B]y attempting to deceive the district court he has forfeited the privilege of proceeding [IFP] in any case until he had paid, in full, all outstanding fees and costs for all of his lawsuits").

The Court need not delve into Ford's charge

that Gregory is abusing the IFP privilege to evade the Court's Rule 41(a)(2) Order because the IFP statute (28 U.S.C. § 1915) contemplates the waiver of only *court* costs, not F.R.Civ.P. 54(d)(1) and attorney-fee costs as threaded through a Rule 41(a)(2) conditional re-filing Order. *See, e.g., Fernandez v Kash N' Karry Food Stores, Inc.*, 136 F.R.D. 495 (M.D.Fla. 1991), *aff'd w/o op.* 966 F.2d 1461 (11th Cir. 1992), *cited in* ANN., 142 A.L.R. FED. 627, *What Constitutes "Fees" or "Costs" Within Meaning of Federal Statutory Provision (28 U.S.C.A. § 1915 and Similar Predecessor Statutes) Permitting Party to Proceed In Forma Pauperis Without Prepayment of Fees and Costs or Security Therefor* § 3 (*Meaning of "fees" or "costs" generally*) (2008); 20 C.J.S. *Costs* § 101 (Apr. 2008).[2]

Put another way, this Court's Rule 41(a)(2) Order conditioned refiling upon payment of *Ford's* prior-lawsuit costs (hence, its attorney fees and F.R.Civ.P. 54(d)(1) costs), not just court filing fees. The IFP statute vests this Court with no authority to grant Gregory financial relief beyond the $350 in F.R.Civ.P. 1914 filing fees (*court* filing fees) he was required to pay to file this latest case (in fact, he's already paid it, *see* 607CV071 doc. # 1).

It follows that granting Gregory's IFP petition here would be futile. From his own attestations it is clear that, even if the Court granted him IFP and thus retroactively spared him the $350 in F.R.Civ.P. 1914 filing fees (*court* costs), and even if it then cut *Ford's* Rule 41(a)(2) fee/costs claim in half, he would still be financially unable to pay that amount.

The Court also would be remiss if it did not pause to note Gregory's attempt to sneak an unspoken amendment into the Court's Rule 41(a)(2) Order -- that Ford be first required to show how much of its attorney work product (which figures into its attorney-fee claim) would be used in *this* litigation before Gregory is required to pay it as a precondition for continuing with his second suit here. That was *not* this Court's intent. Even if it was, however, it is clear that any Ford fee/cost allowance here would far exceed Gregory's ability to pay, and (again) § 1915(a) cannot be used to help him pay it.

With no payment of his Rule 41(a)(2) obligation likely, the Court is therefore dismissing Gregory's case without prejudice (he has not willfully defied the Court's last Order, so a "with-prejudice" dismissal is not warranted here).[3] It is hardly imaginable that he would re-

---

[2] Since *Fernandez,* the IFP statute has been amended, *see Shabazz v. Franklin,* 380 F.Supp.2d 793, 803 (N.D.Tex. 2005), but the amendment did not affect how far the statute goes in terms of assisting indigent litigants:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of *fees* or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a) (current version) (emphasis added).

[3] As the Eleventh Circuit has explained:

> Dismissal of a case with prejudice under Rule 41(b) is a sanction of last resort, applicable only in extreme circumstance. Simple negligence does not warrant dismissal. Rather, dismissal

3

file this case given his claimed indigency and the fact that Ford's fee/cost claim will be there to greet him.

## B. Jane Parrish

Ford also contends that the Court should dismiss Jane's consortium-loss case. 607CV071 doc. # 12 ¶ 4. The pivotal distinction here is found in how a consortium case is brought:

> When the personal injury and loss of consortium claims of the spouses are tried separately and the alleged tortfeasor prevails on the merits at the first trial, the other claim may be maintained later because it is a separate and distinct claim of another person who was not a party or privy to the previous proceedings and who, therefore, is not bound by the judgment therein. In Georgia, one spouse is *not* a privy of the other spouse's prior suit for personal injuries within the meaning of the provision on conclusiveness of judgments.

13 GA. JUR. PERSONAL INJURY AND TORTS § 6:7 (Aug. 2007) (footnote omitted; emphasis added). In contrast,

> where the injured person and the spouse *combine* their separate claims in *one* suit, the loss of consortium claim is a derivative claim, and where one jury has heard the same evidence on the same issue, it cannot render inconsistent verdicts. Similarly, in such situation, when a plaintiff cannot recover from an alleged tortfeasor as a matter of law, the tortfeasor is also not liable to the plaintiff's spouse for a loss of consortium arising from those injuries.

13 GA. JUR. PERSONAL INJURY AND TORTS § 6:7 (footnotes omitted; emphasis added); *see also Holloway v. Northside Hosp.*, 230 Ga.App. 371, 371 (1998) ("When the other spouse cannot recover from the alleged tortfeasor as a matter of law, however, the alleged tortfeasor also is not liable for loss of consortium arising from those injuries. Here, Mrs. Holloway cannot recover because of her failure to attach a professional negligence affidavit, and thus Mr. Holloway has no claim for the loss of consortium").

Here Jane brought her consortium case separately from Gregory's, and Ford does not argue that she did anything impermissible on that score. In fact, *see* GA. PRODUCTS LIABILITY LAW § 10-2 (*Spouses*) (3d ed. Apr. 2008) ("[A] spouse's loss of consortium claim may be brought separately from the underlying products liability action; however, a defendant can by motion require joinder of such claims").[4] Therefore, the Court denies Ford's dismissal

---

is appropriate where there is a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice.

*McIntosh v. Gauthier*, 182 Fed.Appx. 884, 886 (11th Cir. 2006) (quotes, cites and alterations omitted).

---

[4] Opinion is divided on whether joinder is required:

> According to some authorities, a loss of consortium claim must be joined, whenever possible, with the negligence claim of the impaired spouse. Other authority views the joinder of a claim for loss of consortium with the negligence claim of the impaired spouse as merely desirable. [¶] The joinder principle is intended to prevent a double recovery.

41 AM.JUR.2D *Husband and Wife* § 218 (Mar. 2008). (footnotes omitted). In light of the result reached here, this point is moot.

4

motion (made, for that matter, within Gregory's case, 607CV071 doc. # 12 ¶ 4).

### III. CONCLUSION

Accordingly, defendant Ford Motor Co.'s motion (607CV071, doc. # 12) to dismiss Gregory Wayne Parrish's case (607CV071) is ***GRANTED***, but its motion to dismiss Jane Parrish's case (607CV072) is ***DENIED***. Gregory's case (607CV071) therefore is ***DISMISSED WITHOUT PREJUDICE*** and the Stay in Jane's case (607CV072, doc. # 11) is now ***VACATED***. The Clerk shall ***CLOSE*** case # 607CV071, and enter this Order in both (607CV071 & 607CV072) case files.

This  21  day of May, 2008.


/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA